UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST CARPENTERS HEALTH AND SECURITY TRUST; NORTHWEST CARPENTERS RETIREMENT TRUST; NORTHWEST CARPENTERS INDIVIDUAL ACCOUNT PENSION TRUST; NORTHWEST CARPENTERS VACATION TRUST; CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WA-ID,<br><br>               Plaintiffs,<br><br>    v.<br><br>GREYROCK DRILLING & PILEDRIVING, LLC,<br><br>               Defendant.<br><br>    v.<br><br>PACIFIC PREMIER BANK, N.A.,<br><br>               Garnishee. | CASE NO. 2:24-mc-00088-JNW<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiffs' Motion for Judgment on

Answer of Garnishee Defendant and for an Order to Pay. Dkt. No. 7. Upon review of

ORDER TO SHOW CAUSE - 1

Plaintiffs' motion, the record, and the law, the Court has identified three issues that require attention before judgment can be issued.

First, Plaintiffs' Proposed Order states that "Garnishee Defendant Pacific Premier Bank, N.A. was indebted to Defendant/Judgment Debtor Greyrock Drilling & Piledriving LLC in the nonexempt amount of $26,575.58." Dkt. No. 7-1 at 2. But Garnishee-Defendant Pacific Premier Bank, N.A.'s Answer states that Pacific Premier Bank, N.A. owed no debt to Judgment-Debtor Greyrock Drilling & Piledriving LLC. Dkt. No. 5 at 2; *see also id.* at 3 (indicating Defendant's property or effects in Garnishee-Defendant's possession); *see also* RCW 6.27.270 (authorizing court to order garnishee to deliver up defendant's personal property or effects in garnishee's possession or control). The Court DIRECTS Plaintiffs to clarify this issue or, alternatively, amend their Proposed Order to ensure accuracy.

Second, Plaintiffs' filings are inconsistent as to post-judgment interest. While their Proposed Order calls for the Court's judgment to bear interest at 12 percent, Dkt. No. 7-1 at 2, their Proposed Judgment states that "Plaintiffs are not entitled to post-judgment interest," Dkt. No. 7-2 at 1. Meanwhile, the Writ of Garnishment provided for a "Per Day Rate of Estimated Interest" in the amount of 8.2 percent. Dkt. No. 4 at 2. The Court DIRECTS Plaintiffs to clarify the amount of post-judgment interest sought, in accordance with state law. *See* 6.27.090(3) ("The amount must be based on an interest rate of twelve percent or the interest rate set forth in the judgment, whichever rate is less.").

Third, Plaintiffs' filings appear inconsistent as to the calculation of costs. Plaintiffs seek a garnishment judgment for $26,575.58 and a separate cost

ORDER TO SHOW CAUSE - 2

judgment for $387.50. *See* Dkt. Nos 7-1, 7-2. But the writ of garnishment that Plaintiffs sought, which the Court issued, provided for a total garnishment amount of $26,575.58, which included not only a judgment balance of $24,391.60 and interest of $1,796.48, but also costs in the amount of $387.50. Dkt. No. 4 at 2. In other words, Plaintiffs may be double-counting costs. The Court DIRECTS Plaintiffs to clarify or explain this apparent issue or amend their request to ensure accurate cost calculation.

In sum, the Court ORDERS Plaintiffs, within FOURTEEN (14) days of this Order, to show cause why the Court should grant the requested relief despite the above-listed issues or amend and re-file their Motion for Judgment to rectify these issues.

It is so ORDERED.

Dated this 6th day of March, 2025.

Jamal N. Whitehead
United States District Judge